**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**VIVIANNE C. BAILLARGEON,**
Plaintiff

C.A. No.______________

CA 06 261

v.

**LINCOLN EDUCATIONAL SERVICES CORPORATION; CAREER EDUCATION INSTITUTE**
Defendants

## COMPLAINT AND DEMAND FOR TRIAL

## INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **Vivianne C. Baillargeon** (hereafter "Baillargeon" or "Plaintiff") against **Lincoln Educational Services Corporation and Career Education Institute** (hereafter "Lincoln" or "Employers" or "Defendants"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices, in order to remedy or seek relief for the Defendants' unlawful and discriminatory employment practices based on the Plaintiff's age and gender, in violation of Title VII of the Civil Rights Act of 1964, The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Rhode Island Fair Employment Practices Act .

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of the ADEA, 29 U.S.C. § 621-634. All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to <u>inter alia</u>, 28 U.S.C. 1391 (b), because:

a) the alleged unlawful practices occurred and are continuing to occur within the State of Rhode Island, and in this judicial district;

b) all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business, within this judicial district; and

c) the Plaintiff would currently be employed by the Defendants at its owned and operated place of business in Lincoln, Rhode Island, Career Education Institute ("CEI"), within this judicial district, as a full-time employee, but for the Defendants' unlawful employment practices.

4. On or about September 22, 2005, Plaintiff timely filed a formal Charge of Discrimination with the State of Rhode Island Commission For Human Rights ("RCHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that she

had been subjected to unlawful discrimination and related retaliation on the basis of her gender and disability status. (RICHR #06 EAG 074-30/50; EEOC # 16JA500268).

5. In timely fashion, Plaintiff requested Right To Sue authorization from the appropriate administrative agency(ies), and has filed this action within ninety (90) days of his receipt of the appropriate notification(s), and has fulfilled all other conditions precedent to the institution of each count of this action (EXHIBIT A).

**PARTIES**

6. The Plaintiff, Vivianne C. Baillargeon, an individual, is a citizen and resident of the town of North Smithfield, Rhode Island.

7. On information and belief, Lincoln Educational Services Corporation, and/or its successors or assigns, (hereinafter referred to as "Defendant") is a foreign corporation, authorized by appropriate state authority to conduct business in the State of Rhode Island. Upon reasonable information and belief, the Defendant Lincoln Educational Services Corporation owns and operates a principal place of business, Career Education Institute ("CEI"), located at 622 George Washington Highway, Lincoln, RI 02865, at which location the Plaintiff was employed at all times material to this Complaint. The above-referenced Defendants were/are sufficiently joined and intertwined in terms of ownership, corporate direction and control, workplace policies and procedures, labor relations administration, financial control, recordkeeping, and other pertinent indicia of common ownership and control to be considered one single employer

or, in the alternative, joint employers for purposes of all claims at issue in this action, and therefore to be held jointly and severally liable.

8. At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 100 or more employees in the State of Rhode Island and at its other locations throughout the United States.

9. At all times material to the allegations of this Complaint, the Defendants were and are an "employer" within pertinent provisions pertinent provisions of Title VII and any other statutes pertinent to this Complaint. At all times material to the allegations of this Complaint, Plaintiff was protected and was qualified to assert this action, holding the status of an "individual," "employee" or other person subject to the coverage and protection of Title VII and any other statutes pertinent to this action.

10. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the Age Discrimination In Employment Act ("ADEA"), as defined in § 11(g) of the ADEA (29 U.S.C.S. § 630(g) and § 11(h) of the ADEA (29 U.S.C.S. § 630(h)), and as those terms are applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII").

11. At all times material to the allegations of this Complaint, Defendant was and is an "employer" within the meaning of that term as applicable in pertinent

provisions of the ADEA, as defined in § 11(b) of the ADEA (29 USCS § 630(b)), and as that term is applicable to pertinent provisions of Title VII.

12. At all times material to the allegations of this Complaint, the Plaintiff was and is an "individual" within the meaning of 42 U.S.C. 2000e-2(a).

14. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendants knew or should reasonably have known of their unlawful conduct.

**FACTS COMMON TO ALL COUNTS**

15. Plaintiff is a female.

16. At the time of the events cited in this Complaint, Plaintiff was 51 years of age (8/16/53).

17. Plaintiff had been employed by the Defendants, and its predecessor, consecutively, and on a full-time basis, for approximately 12 years until she was terminated, on or about April 5, 2005.

18. At the time of her termination, Plaintiff held the position of Executive Director, and at all times performed her duties in a satisfactory manner, meeting the Defendants' legitimate expectations in all respects.

19. During the course of Plaintiff's employment, procedures and policies relative to performance standards were applied to her by the Defendant in a disparate and hostile manner based on her age and gender.

20. On or about April 5, 2005, Plaintiff was terminated for false and pretextual reasons.

21. The Rhode Island Department of Labor and Training, following a full evidentiary hearing, concluded that Plaintiff did not engage in any misconduct warranting a denial of unemployment benefits, and determined that she was entitled to full benefits.

22. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, and terminated him, as a result of her age and gender.

23. The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**UNLAWFUL TERMINATION**
**Under**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C. § 621 ET SEQ.**

24. Paragraphs 1-23 above are incorporated herein by reference in their entirety.

25. The Defendants' conduct, as otherwise referenced in paragraphs 1-23, above, was motivated solely by an intent to discriminate against Plaintiff on the basis of her age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

26. The Defendants' conduct, as otherwise referenced in paragraphs 1-23, above, was motivated in part by an intent to discriminate against Plaintiff on the basis of her age, in violation of the ADEA, 29 U.S.C. § 621 et seq.

27. The conduct by Defendants referenced in paragraphs 1-23, above, represents a willful violation of § 4(a)(1) and (2) of the ADEA, 29 U.S.C. § 623 (a)(1)

and (2), and other sections, by denying Plaintiff employment opportunities, terminating Plaintiff, and applying work policies and procedures to Plaintiff in a disparate manner solely on the basis of age.

28. Defendants willfully engaged in a policy or practice of arbitrarily and summarily discriminating against employees in the protected age category, including Plaintiff, in violation of the ADEA, 29 U.S.C. § 621 et seq.

29. The Defendants' discriminatory conduct, policies, and practices regarding workplace treatment and retention are violative of the provisions of the ADEA, 29 U.S.C. § 621 et seq., by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her age; and

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

30. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's age. Such practices including, but are not limited to, Defendants':

a.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on age; and

b.) disparately treating the Plaintiff with respect to procedures and performance; &

c.) terminating Plaintiff.

31. But for the Defendants' intent to discriminate against Plaintiff because of her age, Defendants would not have terminated Plaintiff or subjected her to discriminatory terms and conditions of employment.

32. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

33. By its conduct, the Employers have failed in their affirmative duty under the ADEA, by its failure to exercise reasonable care and diligence, to maintain a work environment free of discriminatory insult, intimidation, or abuse directed at older workers.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## RETALIATION
## UNLAWFUL TERMINATION
## Under
## RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
## R.I.G.L. § 28-5-1 et seq.

34. Paragraphs 1-23 above are herein incorporated by reference in their entirety.

35. Defendants willfully engaged in a policy or practice of discriminating against employees in the protected age category and based on gender, including Plaintiff, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

36. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on age and gender;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her age and gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

37. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's age/gender. Such practices include, but are not limited to, Defendants':

a) retaliating against Plaintiff for asserting her rights to be free from discrimination based on age/gender;

b) subjecting Plaintiff to discriminatory terms and conditions of employment;

c) terminating Plaintiff.

38. But for the Defendants' intent to discriminate against Plaintiff because of her age/gender, Defendants would not have subjected her to discriminatory terms and conditions of employment, or terminated her.

39. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**DISCRIMINATORY TERMS AND CONDITIONS**
**OF EMPLOYMENT AND RETALIATION**
**BASED ON GENDER**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 USC sec. 2002, ET SEQ.**

40. Paragraphs 1-23 above are herein incorporated by reference in their entirety.

41. Defendants willfully engaged in a policy or practice of discriminating against the Plaintiff because of her gender, and in maintaining discriminatory employment policies and practices, in violation of Title VII.

42. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender;

b.) depriving her of the status, benefits, privileges, and others terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

43. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning the Plaintiff's gender. Such practices include, but are not limited to, Defendants:

a.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender;

b.) subjecting Plaintiff to discriminatory terms and conditions of employment; and

c.) terminating Plaintiff.

44. But for the Defendants' intent to discriminate against the Plaintiff because of her gender, the Defendants would not have subjected her to discriminatory terms and conditions of employment, or terminated her.

45. The Defendants' conduct has unlawfully deprived the Plaintiff of income, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility, and has caused her extreme humiliation, and well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendants, jointly and severally, and in favor of the Plaintiff for all damages and for all equitable relief available, as hereinafter requested.

## COUNT IV
## THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. 42-112-1 ET SEQ.
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## RETALIATION
## TERMINATION

46. Paragraphs 1-23 above are incorporated herein by reference in their entirety.

47. Despite Plaintiff's ability to perform the duties of her position in a satisfactory manner, the Defendants unlawfully subjected Plaintiff to discriminatory terms and conditions of employment, retaliated against Plaintiff, and discharged Plaintiff because of Plaintiff's gender and/or age.

48. But for the Defendants' intent to discriminate against Plaintiff because of her gender, the Defendants would not have engaged in the unlawful conduct described in the preceding paragraphs.

49. By its conduct described in the preceding paragraphs, the Defendants have engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

50. The Defendants' conduct was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, and has unlawfully deprived the Plaintiff of her employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to her reputation, humiliation, and physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against the Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender and/or age;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for their malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Vivianne C. Baillargeon,
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

A

EEOC Form 161-B (3/98) U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE (*ISSUED ON REQUEST*)

To: **Vivianne C. Baillargeon**
**32 Pacheco Drive**
**North Smithfield, RI 02896**

From: **Boston Area Office - 523**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2005-00268** | **Anne R. Giantonio, Intake Supervisor** | **(617) 565-3189** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

**Robert L. Sanders,**
**Area Office Director**

FEB 28 2006
*(Date Mailed)*

Enclosures(s)

cc:

**David Carney**
**LINCOLN EDUCATIONAL SERVI**
**Career Education Institute**
**622 George Washington Highway**
**Lincoln, RI 02865**

Stephen T. Fanning
The Law Office of Stephen Thomas Fanning
305 South Main Street
Providence, Rhode Island 02903

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

Charge Number: 16J-2005-00262C

## CERTIFICATE

Pursuant to 1601.28 (a) (2) of the Equal Employment Opportunity Commission's Regulations, this is to certify that it is probable that the Commission will be unable to complete its administrative processing of the above referenced charge, due to pending workload within 180 days from the filing of the charge.

FEB 2 8 2006
Date

Robert L. Sanders
Director

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 06 EAG 074-30/50 EEOC NO. 16JA500268

In the matter of

Vivianne C. Baillargeon
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Lincoln Educational Services d/b/a
Career Education Institute
Respondents

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

3/2/06
Date

Michael D. Evora
Executive Director

*********************************************************************************