**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **VIVIANNE C. BAILLARGEON,** <br><br> **Plaintiff,** | : | |
| **- against -** | : | **C.A. No.: 06-261-T** |
| **LINCOLN EDUCATIONAL SERVICES CORPORATION; CAREER EDUCATION INSTITUTE** | : | **ANSWER OF DEFENDANT** |
| **Defendants.** | : | |

Defendants Lincoln Technical Institute, Inc., s/h/a Lincoln Educational Services Corporation; Career Education Institute ("Defendant"), by and through its attorneys, Jackson Lewis LLP, for its Answer to the Complaint herein states as follows:

**<u>AS TO THE "INTRODUCTORY STATEMENT"</u>**

Defendant denies each and every allegation set forth in the "Introductory Statement/Nature of the Action" Unnumbered Paragraph of the Complaint, except admit that Plaintiff commenced an action against Defendant.

**<u>AS TO "JURISDICTION AND VENUE"</u>**

1. Defendant denies each and every allegation set forth in Paragraph 1 of the Complaint, except admits that Plaintiff purports to invoke this Honorable Court's jurisdiction.

2. Defendant denies each and every allegation set forth in Paragraph 2 of the Complaint, except admits that Plaintiff purports to invoke the supplemental jurisdiction of this Court pursuant to, *inter alia*, 28 U.S.C. § 1367(a).

3. Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint and its subparts, except admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to, *inter alia*, 28 U.S.C. § 1391(b) and allegedly that venue is proper before this Honorable Court.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 4 of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 5 of the Complaint.

**AS TO "PARTIES"**

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 6 of the Complaint, except admits that Plaintiff is an individual.

7. Defendant denies each and every allegation set forth in Paragraph 7 of the Complaint, except admits that Lincoln Technical Institute, Inc. is the accurate corporate name of Defendant, that it is a foreign business corporation, existing by virtue of the laws of the State of New Jersey and is licensed to do business within the State of Rhode Island and is doing business within the State of Rhode Island, it operates, *inter alia*, a school in the Town of Lincoln, State of Rhode Island, and Plaintiff Vivian C. Baillargeon was an employee of Defendant at the school's campus in Lincoln, Rhode Island, for a certain period of time.

8. Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint, except admit that Defendant employs employees within the State of Rhode Island.

9. Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint, except states that to the extent the allegations in Paragraph 9 constitute conclusions of law, no response thereto is required. Defendant admits, however, that Plaintiff was employed by Defendant at certain times.

10. Defendant denies each and every allegation set forth in Paragraph 10 of the Complaint, except states that to the extent the allegations in Paragraph 10 constitute conclusions of law, no response thereto is required.

11. Defendant denies each and every allegation set forth in Paragraph 11 of the Complaint, except states that to the extent the allegations in Paragraph 11 constitute conclusions of law, no response thereto is required.

12. Defendant denies each and every allegation set forth in Paragraph 12 of the Complaint, except states that to the extent the allegations in Paragraph 12 constitute conclusions of law, no response thereto is required.

13. Paragraph 13 is numerically omitted from Plaintiff's Complaint; accordingly no answer to Paragraph 13 is required or possible.

14. Defendant denies each and every allegation set forth in Paragraph 14 of the Complaint.

**AS TO "FACTS COMMON TO EACH COUNT"**

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 15 of the Complaint, except admit that Plaintiff's appearance would indicate gender as being female.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 16 of the Complaint.

17. Defendant denies each and every allegation set forth in Paragraph 17 of the Complaint, except admits that Plaintiff was an employee of Defendant at the school's campus in Lincoln, Rhode Island, for a certain period of time.

18. Defendant denies each and every allegation set forth in Paragraph 18 of the Complaint, except admits that, at the time of termination, Plaintiff's last position was that of Executive Director at Defendant's Lincoln campus.

19. Defendant denies each and every allegation set forth in Paragraph 19 of the Complaint.

20. Defendant denies each and every allegation set forth in Paragraph 20 of the Complaint, except admits that on or about April 5, 2005, Plaintiff was terminated for cause from her employment at Defendant.

21. Defendant denies each and every allegation, as a matter of law, as set forth in Paragraph 21 of the Complaint.

22. Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation set forth in Paragraph 23 of the Complaint.

## AS TO "COUNT I"

24. Defendant repeats and realleges its responses to Paragraphs 1 through 23 inclusive of the Complaint as though fully set forth here in response to Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation set forth in Paragraph 25 of the Complaint, except states that to the extent the allegations in Paragraph 25 constitute conclusions of law, no response thereto is required.

26. Defendant denies each and every allegation set forth in Paragraph 26 of the Complaint, except states that to the extent the allegations in Paragraph 26 constitute conclusions of law, no response thereto is required.

27. Defendant denies each and every allegation set forth in Paragraph 27 of the Complaint, except states that to the extent the allegations in Paragraph 27 constitute conclusions of law, no response thereto is required.

28. Defendant denies each and every allegation set forth in Paragraph 28 of the Complaint, except states that to the extent the allegations in Paragraph 28 constitute conclusions of law, no response thereto is required.

29. Defendant denies each and every allegation set forth in Paragraph 29 of the Complaint, except states that to the extent the allegations in Paragraph 29 constitute conclusions of law, no response thereto is required.

30. Defendant denies each and every allegation set forth in Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation set forth in Paragraph 31 of the Complaint.

32. Defendant denies each and every allegation set forth in Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation set forth in Paragraph 33 of the Complaint.

**WHEREFORE**, Defendant prays that judgment be entered in favor of Defendant herein and that this Count be dismissed in its entirety, with prejudice, costs and such other and further relief as may be just and proper.

## AS TO "COUNT II"

34. Defendant repeats and realleges its responses to Paragraphs 1 through 33 inclusive of the Complaint as though fully set forth here in response to Paragraph 34 of the Complaint.

35. Defendant denies each and every allegation set forth in Paragraph 35 of the Complaint.

36. Defendant denies each and every allegation set forth in Paragraph 36 of the Complaint, except states that to the extent the allegations in Paragraph 36 constitute conclusions of law, no response thereto is required.

37. Defendant denies each and every allegation set forth in Paragraph 37 of the Complaint.

38. Defendant denies each and every allegation set forth in Paragraph 38 of the Complaint.

39. Defendant denies each and every allegation set forth in Paragraph 39 of the Complaint.

**WHEREFORE**, Defendant prays that judgment be entered in favor of Defendant herein and that this Count be dismissed in its entirety, with prejudice, costs and such other and further relief as may be just and proper.

**AS TO "COUNT III"**

40. Defendant repeats and realleges its responses to Paragraphs 1 through 39 inclusive of the Complaint as though fully set forth here in response to Paragraph 40 of the Complaint.

41. Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint.

42. Defendant denies each and every allegation set forth in Paragraph 42 of the Complaint, except states that to the extent the allegations in Paragraph 42 constitute conclusions of law, no response thereto is required.

43. Defendant denies each and every allegation set forth in Paragraph 43 of the Complaint.

44. Defendant denies each and every allegation set forth in Paragraph 44 of the Complaint.

45. Defendant denies each and every allegation set forth in Paragraph 45 of the Complaint.

**WHEREFORE**, Defendant prays that judgment be entered in favor of Defendant herein and that this Count be dismissed in its entirety, with prejudice, costs and such other and further relief as may be just and proper.

## AS TO "COUNT IV"

46. Defendant repeats and realleges its responses to Paragraphs 1 through 45 inclusive of the Complaint as though fully set forth here in response to Paragraph 46 of the Complaint.

47. Defendant denies each and every allegation set forth in Paragraph 47 of the Complaint.

48. Defendant denies each and every allegation set forth in Paragraph 48 of the Complaint.

49. Defendant denies each and every allegation set forth in Paragraph 49 of the Complaint, except states that to the extent the allegations in Paragraph 49 constitute conclusions of law, no response thereto is required.

50. Defendant denies each and every allegation set forth in Paragraph 50 of the Complaint.

**WHEREFORE**, Defendant prays that judgment be entered in favor of Defendant herein and that this Count be dismissed in its entirety, with prejudice, costs and such other and further relief as may be just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays that judgment be entered in favor of Defendant on all Counts so alleged, that Plaintiff's Prayer for Relief be denied in its entirety and with prejudice against Plaintiff, together with such other and further relief as my be deemed just, proper and equitable in the premises, including an award of costs to Defendant.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed because it fails to state, in whole or in part, a cause of action upon which relief could be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to satisfy the statutory prerequisites for filing such claims.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed because at all times relevant hereto, Defendant acted in good faith and for good cause and has not violated any rights which may be secured to Plaintiff under Federal, State or local laws, rules, regulations or guidelines.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which liquidated or punitive damages and/or attorneys' fees may be awarded.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the election of remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Rhode Island Workers' Compensation Laws.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed because all actions, if any, taken by Defendant with respect to Plaintiff were undertaken in good faith for legitimate business reasons unrelated to Plaintiff's gender and not related to any allegations of age or gender discrimination.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the Doctrine of After-Acquired Evidence.

**WHEREFORE**, Defendant respectfully requests that this Court:

a) Dismiss Plaintiff's Complaint in its entirety and all claims for relief set forth therein, with prejudice;

b) Deny each and every demand for relief as set forth in Plaintiff's Complaint;

c) Grant such other and further relief as this Court deems appropriate; and any and all other damages, together with interest, incurred by Defendant in

defending against this baseless and frivolous action.

Respectfully submitted,

JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

*and*

One North Broadway, Suite 1502
White Plains, New York 10601
Telephone: (914) 328-0404

By:______________________
Anthony J. DiOrio (#3419)

ATTORNEYS FOR DEFENDANT LINCOLN TECHNICAL INSTITUTE, INC. s/h/a LINCOLN EDUCATIONAL SERVICES CORPORATION; CAREER EDUCATION INSTITUTE

Dated: August 17, 2006
Providence, Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **RICHARD SHAW,** <br> **Plaintiff,** <br> **- against -** <br> **LINCOLN EDUCATIONAL SERVICES CORPORATION; CAREER EDUCATION INSTITUTE** <br> **Defendants.** | **C.A. No.: 06-233ML** <br><br> **Certificate of Service** |

The undersigned hereby certifies that a true and correct copy of Defendant's Answer to Plaintiff's Complaint has been served by mailing a copy of the same, via First Class United States mail, this 17th day of August, 2006, to:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, Rhode Island 02903

Anthony J. DiOrio