# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **VIVIAN BAILLARGEON** | ) | |
| **Plaintiff** | ) | |
| vs | ) | **CA 06-CV-261T** |
| **LINCOLN EDUCATIONAL SERVICES CORPORATION** | ) | |
| **Defendant** | ) | |

## AMENDED ORDER
## REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION

The parties in this matter have consented to referral to Alternative Dispute Resolution (ADR) utilizing the services of the Court's ADR program. In consultation with the assigned mediator, the case is scheduled for mediation to occur on **May 31, 2007 at 10:00 A.M. in the Federal District Court Annex (Pastore Building)**, located at 2 Exchange Terrace, Providence, RI in Room 110. **IT IS HEREBY ORDERED THAT:**

1. **Berry B. Mitchell**, is appointed mediator in this case.

2. The mediator shall serve without compensation.

3. Mediation proceedings in this matter shall be deemed confidential. Rule 408 of the Federal Rules of Evidence shall apply to information, statements and evidence generated in the course of the mediation and shall make inadmissible evidence of conduct or statements made unless otherwise discoverable. Moreover, all memoranda and other work products, including but not limited to, files, reports, interviews, case summaries and notes, prepared by the appointed neutral assigned to the case, shall not be subject to disclosure in any subsequent civil proceeding involving any of the parties participating in the ADR option, nor shall the mediator be compelled to disclose in any subsequent civil proceeding any communication made to him or her in the course of, or relating to the subject matter of any case referred to ADR and in which a party or other persons took part in ADR proceedings before the assigned neutral. The mediator shall not communicate any confidential information, nor discuss ADR proceedings with any judicial officer, employees of the court, or other third party, other than to report the status of ADR proceedings.

4. All parties and lead counsel of record having full authority to bind and settle this case, shall attend the mediation. **"Settlement Authority"** means **the individual with control of the <u>full financial settlement resources</u> involved in the case, including the full financial authority and ability to agree to a binding settlement agreement."**

5. No extension of the date and time of the mediation shall be allowed unless request for such extension is presented to the mediator in writing and is approved by the same in advance of the scheduled mediation.

6. Parties and their counsel shall participate in the mediation in good faith.

**SO ORDERED** this the 31st Day of May, 2007.

Ernest C. Torres

**ERNEST C. TORRES**
Senior United States District Court Judge